**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **GRUPO BIMBO S.A.B. DE C.V. AND BARCEL USA, LLC,**<br><br>          **Plaintiffs,**<br><br>     **v.**<br><br>**GARZA FOOD VENTURES, LLC,**<br><br>          **Defendant.** | **Civil Action No: 3:25-cv-1055**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiffs Grupo Bimbo S.A.B. de C.V. and Barcel USA, LLC (together, "Plaintiffs"), by their counsel, Fish & Richardson P.C., for their complaint against Defendant Garza Food Ventures, LLC d/b/a Siete Family Foods ("Siete"), state and allege as follows:

**NATURE OF THE ACTION**

1.      This is a civil action for willful infringement of Plaintiffs' rights in the longstanding and federally registered trademarks—FUEGO, TAKIS FUEGO, and POP FUEGO—as a result of Siete's adoption and use of the identical and nearly identical designation FUEGO for identical and highly similar snack products.

2.      Siete's use of the FUEGO trademark constitutes willful trademark infringement in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a), a false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and trademark infringement and unfair competition under the common laws of the State of Texas.

1

## THE PARTIES

3.      Plaintiff Grupo Bimbo S.A.B. de C.V. ("Grupo Bimbo") is a Mexican corporation with its principal place of business at Prolongación Paseo de la Reforma 1000, Col. Peña Blanca Santa Fe, Mexico City, Mexico 01210 and a United States business address of 301 S. Northpoint Drive, Suite 100, Coppell, Texas 75019.

4.      Plaintiff Barcel USA, LLC ("Barcel") is a Texas limited liability company with its principal place of business at 301 S. Northpoint Drive, Suite 100, Coppell, Texas 75019.

5.      Upon information and belief, Defendant Garza Food Ventures, LLC, d/b/a Siete Family Foods, is a Texas limited liability company with its principal place of business at 3708 Woodbury Drive, Austin, Texas 78704.

## JURISDICTION AND VENUE

6.      Subject matter jurisdiction over this complaint arises under Section 39(a) of the Lanham Act, 15 U.S.C. § 1121(a), and Sections 1331 (federal question jurisdiction), 1338(a) (trademark infringement), and 1338(b) (unfair competition) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a), and 1338(b).

7.      Supplemental jurisdiction is proper for the state law claims pursuant to Section 1367(a) of the Judicial Code, 28 U.S.C. 1367(a), because the claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

8.      The Court has specific personal jurisdiction over Siete because Siete's principal place of business is located in the State of Texas, Siete regularly conducts business in the State of Texas, and Siete has caused, and continues to cause, injury within the State of Texas by infringing the FUEGO, TAKIS FUEGO, and POP FUEGO trademarks owned by Grupo Bimbo, a

corporation that regularly conducts business in the State of Texas, and exclusively licensed in the United States to Barcel, a company that is based in the State of Texas and regularly conducts business in the State of Texas. Siete has caused and continues to cause injury to Plaintiffs in the State of Texas by selling infringing products to individuals located in the State of Texas and this District, and by shipping infringing products to distributors and retailers throughout the State of Texas and this District.

9. Venue is proper in this District under Sections 1391(b) of the Judicial Code, 28 U.S.C. § 1391(b), because: Siete regularly conducts business in this District, including in Dallas; the alleged acts of infringement, including Siete's sale of infringing products, have taken place and are continuing to take place in this District, including in Dallas; a substantial portion of the events giving rise to this action occurred in this District, including in Dallas; and Plaintiffs' marketing and branding teams primarily are based in this District, specifically, in Dallas.

## FACTS

### Plaintiffs' Longstanding Business and Famous and Distinctive FUEGO Trademarks

10. Founded in 1945, Grupo Bimbo is the world's largest baking company and a global leader in the snacking industry. Grupo Bimbo is widely known for its snack and bakery product lines such as TAKIS, ENTENMANN'S, and THOMAS'. Today, Grupo Bimbo—including through its related entity and U.S.-based snack division and licensee, Barcel—operates more than 197 plants across 33 countries, employs more than 135,000 personnel, and has annual sales of over $15 billion.

11. In 2007, Plaintiffs launched their FUEGO brand of snack products in the United States in connection with tortilla chips featuring a unique flavor combination of hot chili pepper and lime. Since that initial launch, Plaintiffs have continuously and prominently used FUEGO in

interstate commerce in connection with tortilla chips.

12.     Following the success of their FUEGO-branded tortilla chips, Plaintiffs expanded their use of the FUEGO mark to potato chips, kettle-cooked potato chips, nuts, popcorn, and other snack and food products, signaling to consumers that these products originate from a single source and all feature the same unique flavor combination.  Since that time, Plaintiffs have continuously and prominently used, in interstate commerce, the distinctive trademark FUEGO and several other FUEGO marks, including but not limited to TAKIS FUEGO and POP FUEGO, in connection with chips, nuts, popcorn, and other snack and food products sold primarily under the TAKIS product line.  Together, FUEGO, TAKIS FUEGO, and POP FUEGO are referred to herein as the "FUEGO Trademarks."

13.     Plaintiffs prominently display the FUEGO Trademarks on their product packaging, in marketing and advertising materials, on the Barcel website located at *barcel-usa.com*, on their social media accounts, and throughout other public media, as shown in the below examples:











14.     For more than a decade, Plaintiffs have continuously and extensively advertised, marketed, and promoted their snack and food products under and in connection with the FUEGO Trademarks through a variety of national media, including print and television commercials.

15.     Since their adoption of the FUEGO mark in 2007, Plaintiffs have spent millions of dollars on advertising, marketing, and promoting their FUEGO-branded snack and food products. In 2024 alone, Plaintiffs spent over $20 million on advertising their products sold under and in

connection with the FUEGO Trademarks.

16.    Grupo Bimbo's FUEGO-branded products have received significant media coverage, including in prominent national publications such as the *Los Angeles Times*, *Chicago Tribune*, and *Delish*.

17.    Grupo Bimbo has achieved considerable commercial success under the FUEGO Trademarks.  Indeed, Grupo Bimbo frequently sells over 100 million dollars' worth of their FUEGO-branded snack and food products on an annual basis.

18.    Plaintiffs' FUEGO-branded snack and food products are currently sold in more than 180,000 stores throughout the United States, including in national and regional retail chains such as Target, Wegmans, H-E-B, Walmart, Publix, Food Lion, Harris Teeter, and CVS.  They are also available for purchase on websites such as *amazon.com* and *instacart.com*.

19.    As a result of Plaintiffs' prominent use and advertising of their snack and food products sold under and in connection with the FUEGO Trademarks for over fifteen years, the FUEGO Trademarks have achieved significant recognition in the marketplace and are well-known to the public and trade as a source identifier for all such FUEGO-branded snack and food products and distinguishing those goods from the goods of third parties.  The FUEGO Trademarks represent goodwill that is of great value to Plaintiffs.

20.    In addition to Plaintiffs' longstanding use and common law trademark rights in the FUEGO Trademarks, Grupo Bimbo owns a number of federal trademark registrations of the FUEGO Trademarks in connection with snack and food products, some of which are incontestable, including those shown in the following table:

| Mark | Status | App. Date/No. | Reg. Date/No. | Goods |
|------|--------|---------------|---------------|-------|
| FUEGO | Registered (***Incontestable***) | **App** 19-JUN-2013 **App** 85964076 | **Reg** 18-FEB-2014 **Reg** 4484338 | **30:** Fried corn snacks |
| FUEGO | Registered | **App** 17-JUL-2015 | **Reg** 12-JAN-2016 | **29:** Potato chips |

| | | | | |
|---|---|---|---|---|
| | *(Incontestable)* | **App** 86697085 | **Reg** 4886070 | |
| FUEGO | Registered *(Incontestable)* | **App** 14-JUL-2015 **App** 86979346 | **Reg** 02-AUG-2016 **Reg** 5014739 | **29:** Processed nuts |
| FUEGO | Registered *(Incontestable)* | **App** 14-JUL-2015 **App** 86692266 | **Reg** 29-MAY-2018 **Reg** 5481391 | **30:** Popcorn |
| FUEGO <br> FUEGO | Registered | **App** 04-APR-2023 **App** 97871663 | **Reg** 30-JUL-2024 **Reg** 7460197 | **29:** Potato chips; processed nuts; processed peanuts; seasoned nuts; frozen appetizers consisting primarily of chicken, meat, seafood or cheese; frozen pre-packaged meals consisting primarily of chicken, meat, seafood or cheese; prepared edible seeds, not being seasonings or flavorings; sunflower seeds, prepared; meat sticks consisting primarily of processed pork <br> **30:** Popcorn; corn-based snack foods; fried corn snacks; salty snacks, namely, corn-based snacks; candy, namely, lollipops; rolled dough snacks filled primarily with meat and/or cheese and spices; frozen foods, namely, grain and bread based appetizers, hors d'oeuvres, and canapés; frozen handheld snacks, namely, pizza pockets filled primarily with meat and/or cheese; taco shells |
| TAKIS FUEGO | Registered *(Incontestable)* | **App** 05-FEB-2007 **App** 77099106 | **Reg** 11-NOV-2008 **Reg** 3529708 | **30:** Fried corn snacks and fried wheat flour snacks |
| TAKIS FUEGO | Registered | **App** 16-JAN-2020 **App** 88983813 | **Reg** 22-MAR-2022 **Reg** 6680294 | **29:** Frozen appetizers consisting primarily of chicken, meat, seafood or cheese; frozen pre-packaged meals consisting primarily of chicken, meat, seafood or cheese; prepared edible seeds, not being seasonings or flavorings; sunflower seeds, prepared <br> **30:** Rolled dough snacks filled primarily with meat and/or cheese and spices; frozen foods, namely, grain and bread based appetizers, hors d'oeuvres, and canapés; frozen handheld snacks, namely, pizza pockets filled primarily with meat and/or cheese |
| TAKIS FUEGO | Registered | **App** 18-MAY-2022 | **Reg** 09-MAY-2023 | **30:** Candy, namely, lollipops |

| | | **App** 97416617 | **Reg** 7048863 | |
|---|---|---|---|---|
| TAKIS FUEGO | Registered | **App** 27-OCT-2021 **App** 97975866 | **Reg** 01-AUG-2023 **Reg** 7128771 | **30:** Popcorn, taco shells |
| POP FUEGO | Registered (*Incontestable*) | **App** 07-JUL-2016 **App** 87095671 | **Reg** 09-JAN-2018 **Reg** 5376182 | **30:** Popped popcorn |

These registrations are valid and subsisting and evidence Grupo Bimbo's exclusive rights to use the FUEGO Trademarks in connection with the registered snack and food products.

### Siete Adopts the Identical and Confusingly Similar FUEGO Trademark

21.    Upon information and belief, Siete manufactures, markets, advertises, distributes, and sells snack and food products.

22.    According to Siete's website, *sietefoods.com*, its snack and food products are currently offered by national and regional retail chains throughout the United States, including Target, Wegmans, H-E-B, Walmart, Publix, Food Lion, Harris Teeter, and CVS, as shown at https://sietefoods.com/pages/storelocator.

23.    Notwithstanding Plaintiffs' prior rights in the identical and virtually identical FUEGO Trademarks, Siete began using the trademark FUEGO in connection with snack products identical and highly similar to those sold by Plaintiffs under and in connection with the FUEGO Trademarks, namely, tortilla chips.  Below is an image of Siete's FUEGO-branded tortilla chips:



24.    Following Siete's launch of its FUEGO-branded tortilla chips, Siete introduced additional products under and in connection with the FUEGO mark, including potato chips and puff snacks.  Below are images of Siete's FUEGO-branded potato chips and puff snacks:



25.    Siete uses and prominently displays the FUEGO mark on its website, *sietefoods.com*, as shown at https://sietefoods.com/collections/potato-chips/products/fuego-potato-chips, https://sietefoods.com/collections/chips-snacks/products/fuego-grain-free-puff-snacks-6-bags, and in the screenshots below:



## FUEGO KETTLE COOKED POTATO CHIPS – 6 BAGS

$33.00

★★★★★

- 1 +    ADD TO CART



## FUEGO GRAIN FREE PUFF SNACKS – 6 BAGS

$36.00

★★★☆☆

- 1 +    ADD TO CART

26.    Upon information and belief, Siete's FUEGO-branded chips and puff snacks are currently sold in over 1,000 stores throughout the United States, including in the State of Texas, and are also available for purchase through websites such as *amazon.com* and *instacart.com*.

### Siete's Willful Infringement of Plaintiffs' FUEGO Trademarks

27.    Siete is using FUEGO in connection with goods that are identical and highly similar to the chips and other snack and food products sold under and in connection with Plaintiffs' FUEGO Trademarks.

28.     Siete's FUEGO-branded chips and puff snacks directly compete with Plaintiffs' FUEGO-chips and other snack and food products and are distributed through the same trade channels and sold in the same stores.

29.     Plaintiffs' use of FUEGO predates Siete's first use of its confusingly similar FUEGO mark by more than ten years.  Plaintiffs' rights in their FUEGO Trademarks are superior and have priority over any rights Siete may claim in FUEGO.

30.     Prior to adopting and using the infringing FUEGO mark, Siete had constructive knowledge of Grupo Bimbo's federal trademark registrations of FUEGO and TAKIS FUEGO.

31.     Siete has used and is using the infringing FUEGO mark with actual knowledge of Grupo Bimbo's prior rights in the FUEGO Trademarks.

32.     Siete has had actual knowledge of Grupo Bimbo's rights in the FUEGO Trademarks since at least as early as March 2019.

33.     After learning of Siete's use of FUEGO in connection with tortilla chips, Grupo Bimbo sent a cease-and-desist letter to Siete alleging trademark infringement and demanding that Siete cease its unlawful use of FUEGO.  Siete refused to cease its infringement.

34.     Siete proceeded to launch additional products using the FUEGO mark, including potato chips.

35.     In July 2023, Grupo Bimbo expressed its growing concern about Siete's significant expansion of its use of the FUEGO mark from tortilla chips to additional types of chips and snack products, as well as the notable geographic expansion of Siete's FUEGO products, which became available in stores throughout the country.  Plaintiffs' counsel proposed a business-to-business discussion, but Siete was not interested.

36.     Siete's use of FUEGO with chips and puff snacks is likely to cause marketplace

confusion by, for example, misleading consumers into believing that Siete and/or its FUEGO-branded chips and puff snacks are the same as, affiliated with, or sponsored or approved by Plaintiffs or the FUEGO-branded chips and other snack and food products sold by Plaintiffs.

37.    Siete's use of FUEGO is likely to cause consumer confusion or mistake, or to mislead or deceive consumers, as to the source, origin, connection, sponsorship, affiliation, or approval of Siete's products, and appears designed to divert and appropriate to Siete the goodwill created by Plaintiffs in the FUEGO Trademarks.

38.    Because Plaintiffs sell their FUEGO-branded snack and food products under multiple product lines, Siete's use of FUEGO is likely to create the false commercial impression of another line of FUEGO-branded goods of the type offered by Plaintiffs.  Consumers will believe, mistakenly, that Plaintiffs have expanded their offerings to include a new FUEGO-branded product in their family and/or have introduced a different snack line (like TAKIS) under the name SIETE, or perhaps has acquired Siete.

39.    Upon information and belief, Siete's actions have been willful, intentional, reckless, and/or in bad faith.

## COUNT I
## Federal Trademark Infringement
(Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1))

40.    Plaintiffs incorporate the allegations set forth in the preceding paragraphs as though fully set forth herein.

41.    Grupo Bimbo owns the distinctive FUEGO Trademarks and have registered the FUEGO Trademarks before the United States Patent and Trademark Office.

42.    Grupo Bimbo's federal trademark registrations of the FUEGO Trademarks, several of which are incontestable, are in full force and effect, and Grupo Bimbo owns all right, title, and

interest to them.

43.    The FUEGO Trademarks are nationally recognized, including in the State of Texas, as identifying snack and food products, including chips, originating with Grupo Bimbo.

44.    Grupo Bimbo's ownership and use in interstate commerce of the FUEGO Trademarks are superior to and significantly predate any use of the trademark FUEGO by Siete.

45.    Siete's ongoing use of FUEGO as a trademark in interstate commerce in connection with chips and puff snacks is likely to cause confusion, to cause mistake, or to deceive consumers as to the origin or source of Siete's FUEGO-branded chips and puff snacks, and/or to cause consumers to believe, mistakenly, that Siete's FUEGO-branded chips and puff snacks are the same as Plaintiffs' FUEGO-branded chips and other snack and food products.

46.    Siete's unlawful acts are willful and have been committed with constructive knowledge and actual knowledge of Grupo Bimbo's prior, registered rights in the FUEGO Trademarks.

47.    Siete's activities described herein constitute willful infringement of a federally registered trademark in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(1).

48.    As a direct and proximate result of Siete's willful and unlawful conduct alleged herein, Grupo Bimbo has suffered, is suffering, and unless Siete is restrained, will continue to suffer, irreparable injury for which there is no adequate remedy at law.

49.    In light of the foregoing, Grupo Bimbo is entitled to injunctive relief prohibiting Siete from using the FUEGO mark.

50.    Upon information and belief, Siete has profited from its unlawful actions and has been unjustly enriched to the detriment of Grupo Bimbo.  Siete's unlawful actions have caused Grupo Bimbo monetary damage in an amount presently unknown, but to be determined at trial.

51.     In light of the foregoing, Grupo Bimbo is entitled to recover from Siete all damages, including attorney's fees, that Grupo Bimbo has sustained and will continue to sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Siete as a result thereof, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a).

**COUNT II**
**False Designation of Origin**
(Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))

52.     Plaintiffs incorporate the allegations set forth in the preceding paragraphs as though fully set forth herein.

53.     Grupo Bimbo owns common law rights in the distinctive FUEGO Trademarks based on its continuous use of such marks in connection with snack and food products in interstate commerce dating back to 2007, including through its exclusive licensee in the United States, Barcel.

54.     The FUEGO Trademarks are nationally recognized, including in the State of Texas, as identifying snack and food products, including chips, originating with Plaintiffs.

55.     Plaintiffs' ownership and use in interstate commerce of the FUEGO Trademarks are superior to and significantly predate any use of the trademark FUEGO by Siete.

56.     Siete's ongoing use of FUEGO as a trademark in interstate commerce in connection with chips and puff snacks is likely to cause confusion, to cause mistake, or to deceive consumers into believing, mistakenly, that Siete's FUEGO-branded chips and puff snacks originate from Plaintiffs, and/or that Siete and/or its FUEGO-branded chips and puff snacks are affiliated with or are sponsored, licensed or otherwise approved by Plaintiffs, all to the detriment of Plaintiffs and the public.

57.     Siete's unlawful acts are willful and have been committed with constructive knowledge and actual knowledge of Plaintiffs' prior rights in the FUEGO Trademarks.

58.     Siete's use of FUEGO in interstate commerce in connection with chips and puff snacks constitutes a false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

59.     As a direct and proximate result of Siete's willful and unlawful conduct alleged herein, Plaintiffs have suffered, are suffering, and unless Siete is restrained, will continue to suffer, irreparable injury for which there is no adequate remedy at law.

60.     In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Siete from using the FUEGO designation.

61.     Upon information and belief, Siete has profited from its unlawful actions and has been unjustly enriched to the detriment of Plaintiffs.  Siete's unlawful actions have caused Plaintiffs monetary damage in an amount presently unknown, but in an amount to be determined at trial.

62.     In light of the foregoing, Plaintiffs are entitled to recover from Siete all damages, including attorney's fees, that Plaintiffs have sustained and will continue to sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Siete as a result thereof, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a).

### COUNT III
### Common Law Trademark Infringement

63.     Plaintiffs incorporate the allegations set forth in the preceding paragraphs as though fully set forth herein.

64.     Grupo Bimbo is the owner of the distinctive FUEGO Trademarks and has registered the FUEGO Trademarks before the United States Patent and Trademark Office.

65.     Grupo Bimbo's federal trademark registrations of the FUEGO Trademarks, several of which are incontestable, are in full force and effect, and Grupo Bimbo owns all right, title, and

interest to them.

66.    Grupo Bimbo owns common law rights in the distinctive FUEGO Trademarks based on its continuous use of such marks in connection with snack and food products in interstate commerce dating back to 2007, including through its exclusive licensee in the United States, Barcel.

67.    The FUEGO Trademarks are nationally recognized, including in the State of Texas, as identifying snack and food products, including chips, originating with Plaintiffs.

68.    Plaintiffs' ownership and use in interstate commerce of the FUEGO Trademarks are superior to and significantly predate any use of the trademark FUEGO by Siete.

69.    Siete's ongoing use of FUEGO in interstate commerce in connection with chips and puff snacks, including throughout the State of Texas, is likely to cause confusion, to cause mistake, and to deceive consumers as to the origin and sponsorship of Siete's FUEGO-branded chips and puff snacks, and to cause consumers to believe, mistakenly, that Siete's FUEGO-branded chips and puff snacks are the same as Plaintiffs' FUEGO-branded chips and other snack and food products, and/or that Siete and/or its FUEGO-branded chips and puff snacks are affiliated with or are sponsored, licensed, or otherwise approved by Plaintiffs, all to the detriment of Plaintiffs and the public.

70.    Siete's unlawful acts are willful and have been committed with constructive knowledge and actual knowledge of Grupo Bimbo's prior, registered rights in the FUEGO Trademarks.

71.    Siete's activities described herein constitute trademark infringement in violation of the common laws of the State of Texas and other states of the United States.

72.    As a direct and proximate result of Siete's willful and unlawful conduct alleged

herein, Plaintiffs have suffered, are suffering, and unless Siete is restrained, will continue to suffer, irreparable injury for which there is no adequate remedy at law.

73.     Upon information and belief, Siete has profited from its unlawful actions and has been unjustly enriched to the detriment of Plaintiffs.  Siete's unlawful actions have caused Plaintiffs monetary damage in an amount presently unknown, but in an amount to be determined at trial.

## COUNT IV
## Common Law Unfair Competition

74.     Plaintiffs incorporate the allegations set forth in the preceding paragraphs as though fully set forth herein.

75.     Grupo Bimbo is the owner of the distinctive FUEGO Trademarks and has registered the FUEGO Trademarks before the United States Patent and Trademark Office.

76.     Grupo Bimbo's federal trademark registrations of the FUEGO Trademarks, several of which are incontestable, are in full force and effect, and Grupo Bimbo owns all right, title, and interest to them.

77.     Grupo Bimbo owns common law rights in the distinctive FUEGO Trademarks based on its continuous use of such marks in connection with snack and food products in interstate commerce dating back to 2007, including through its exclusive licensee in the United States, Barcel.

78.     The FUEGO Trademarks are nationally recognized, including in the State of Texas, as identifying snack and food products, including chips, originating with Plaintiffs.

79.     Plaintiffs' ownership and use in interstate commerce of the FUEGO Trademarks are superior to and significantly predate any use of the trademark FUEGO by Siete.

80.     Siete's ongoing use of FUEGO in interstate commerce in connection with chips

and puff snacks, including throughout the State of Texas, is likely to cause confusion, to cause mistake, and to deceive consumers as to the origin and sponsorship of Siete's FUEGO-branded chips and puff snacks, and to cause consumers to believe, mistakenly, that Siete's FUEGO-branded chips and puff snacks are the same as Plaintiffs' FUEGO-branded chips and other snack and food products, and/or that Siete and/or its FUEGO-branded chips and puff snacks are affiliated with or are sponsored, licensed, or otherwise approved by Plaintiffs, all to the detriment of Plaintiffs and the public.

81.     Siete's unlawful acts are willful and have been committed with constructive knowledge and actual knowledge of Grupo Bimbo's prior, registered rights in the FUEGO Trademarks.

82.     Siete's activities described herein constitute unfair competition in violation of the common laws of the State of Texas and other states of the United States.

83.     As a direct and proximate result of Siete's willful and unlawful conduct alleged herein, Plaintiffs have suffered, are suffering, and unless Siete is restrained, will continue to suffer, irreparable injury for which there is no adequate remedy at law.

84.     Upon information and belief, Siete has profited from its unlawful actions and has been unjustly enriched to the detriment of Plaintiffs.  Siete's unlawful actions have caused Plaintiffs monetary damage in an amount presently unknown, but in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray:

A.     That the Court enter judgment in favor of Plaintiffs, including injunctive relief, against Siete on all claims for relief asserted in the Complaint;

B.     That the Court enter judgment determining that Siete infringed the registered

FUEGO Trademarks and committed trademark infringement under 15 U.S.C. § 1114(1);

C.      That the Court enter judgment determining that Siete infringed the FUEGO Trademarks and committed acts of false designation of origin under 15 U.S.C. § 1125(a);

D.      That the Court enter judgment determining that Siete infringed the FUEGO Trademarks and committed unfair competition under the common laws of the State of Texas;

E.      That the Court enter judgment determining that Siete's acts of trademark infringement, false designation of origin, and unfair competition have been knowing and willful;

F.      That the Court grant an injunction permanently enjoining and restraining Siete, its directors, officers, employees, agents, attorneys, and all persons acting by, through, or in concert with any of them, from:

    i.     using FUEGO, TAKIS FUEGO, POP FUEGO, or any confusingly similar designation as a trademark, service mark, trade name, title, Internet domain name, social media handle or account name, or otherwise to market, advertise, distribute, sell, or identify any business, product, or service, in the United States;

    ii.    doing any other act likely to cause confusion or mistake or to deceive consumers into mistakenly believing that Siete or its products, services, or other commercial activities are in any way affiliated, connected, or associated with Plaintiffs or their products, services, or other commercial activities;

    iii.   using a name or mark confusingly similar to Plaintiffs' FUEGO Trademarks, or otherwise infringing the FUEGO Trademarks;

    iv.    committing any other act or making any other statement that infringes

the FUEGO Trademarks or constitutes an act of trademark infringement
or false designation of origin under federal law or the state or common
laws of the State of Texas; and

v.    unfairly competing with Plaintiffs in any manner whatsoever.

G.    That the Court issue an order directing Siete to file with the Court and serve on Plaintiffs within thirty (30) days after the service on Siete of an injunction, or such extended period as the Court may direct, a report in writing under oath setting forth in detail the manner and form in which Siete has complied with the injunction;

H.    That the Court award Plaintiffs their actual damages and Siete's profits resulting from the infringement of the FUEGO Trademarks, pursuant to 15 U.S.C. § 1117(a), in an amount to be determined at trial;

I.    That the Court declare this an exceptional case in light of Siete's knowing and willful infringement of the FUEGO Trademarks;

J.    That Plaintiffs' damages be trebled;

K.    That the Court award to Plaintiffs and assess against Siete all costs and attorney's fees incurred in connection with this action pursuant to 15 U.S.C. §§ 1114 and 1117 or otherwise.

L.    That the Court award Plaintiffs such other and further relief as this Court deems fair, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, as provided by Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury in the above captioned matter for all issues so triable.

Dated: April 29, 2025

Respectfully submitted,

By:  */s/ Ricardo J. Bonilla*
Ricardo J. Bonilla
Texas Bar No. 24082704
rbonilla@fr.com
**FISH & RICHARDSON P.C.**
1717 Main St, Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

Kristen McCallion (*pro hac vice* forthcoming)
mccallion@fr.com
Vivian Cheng (*pro hac vice* forthcoming)
cheng@fr.com
Kerrijane John (*pro hac vice* forthcoming)
john@fr.com
**FISH & RICHARDSON P.C.**
7 Times Square, 20th Floor
New York, NY 10036
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

**COUNSEL FOR PLAINTIFFS**
**GRUPO BIMBO S.A.B. DE C.V. AND BARCEL**
**USA, LLC**